Pennsylvania Labor Relations Board
*v.* Heller, Appellant (No. 2).

Argued March 15, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

 reargument refused June 22, 1961.

*Lloyd F. Engle, Jr.,* with him *Royston, Robb & Leonard,* for appellants.

*James F. Wildeman,* Assistant Attorney General, with him *Raymond Kleiman,* Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for Pennsylvania Labor Relations Board, appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 2, 1961:

This is a companion case to the one at 60 March Term, 1961.

Following the dismissal of Johnny Moore, several of his fellow-employees walked out on strike. When Moore was ordered reinstated by the Pennsylvania Labor Relations Board, the employers refused to re-employ the employees who had struck.

An unfair labor charge was filed in behalf of these employees: Edna F. Finnegan, Harold Neal, Marvin White, Jr., Dolores Johnson, Patricia Lewis, and Louise McGlothlin by the AFL-CIO Laundry and Dry Cleaners International Local Union 141. At the ensuing hearing before the board it developed that Louise McGlothlin had voluntarily terminated her employment with the cleaning establishment and that Patricia Lewis did not

appear to testify. The board dismissed the charges filed in their behalf.

As to the remaining four employees the board found, after hearing, that the strike engaged in by them had been precipitated by the employers' unfair labor practices toward employee Johnny Moore and that, therefore, they were entitled to reinstatement even if other persons had in the meantime been employed. The board accordingly ordered the employers to offer the four employees reinstatement to their former positions and to pay full back wages to Dolores Johnson and Marvin White, Jr., since they had made reasonable attempts to secure employment elsewhere. The other two employees Edna F. Finnegan and Harold Neal were denied back wages since they had not made efforts in good faith to obtain work elsewhere.

The employers appealed to the county court which affirmed the board's actions. This appeal followed.

As set forth in the case at No. 60, March Term, 1961, the findings and conclusions of the Board in this case are affirmed since they are supported by substantial and legally credible evidence. *Pennsylvania Labor Relations Board v. Kaufmann Department Store, Inc.*, 345 Pa. 398.

The board did not err in retaining jurisdiction of the controversy when it developed that the union had not been authorized to file charges in behalf of Louise McGlothlin and Patricia Lewis since this fact could not prejudice the rights of the other four employees. Nor did it lose jurisdiction because the purported verification of the complaint by union's counsel was made without two of the employees having authorized that charges be filed in their behalf. As indicated by the board in its final order, the form and nature of the petition by which charges are filed with the board are not specified in the Pennsylvania Labor Relations Act. Necessarily, then, the board was authorized to deter-

mine for itself the sufficiency of the verification with regard to the other named employees and whether, also, whatever defect existed ·in the petition was not cured by the testimony given under oath.

Affirmed. Each party to bear own costs.

Mr. Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.